HELENE N. WHITE, Circuit Judge,
concurring and dissenting.
The sole issue before us is whether to grant Davis’s motion to expedite briefing and decision. I join in the denial of that motion. I dissent, however, from the panel’s departure from this court’s usual practice of issuing a show cause order inviting the appellant’s response when we question our jurisdiction sua sponte. There is no need to reach the jurisdictional issue at this time, and appellant should be permitted to address the issues raised by this order.
Although it is certainly correct that this court must be sure of its own jurisdiction, Davis appeals only those aspects of the district court’s order that dismissed Chief Judge Colombo as a defendant. Only two counts of the complaint (Counts VI and VII) were directed at Chief Judge Colombo, and those counts asked only for prospective declaratory relief. Thus, the doctrine of absolute judicial immunity, applied by the district court, is irrelevant.
As to the Rooker-Feldman doctrine, I agree that Count VI—which seeks a declaration that the Wayne Circuit Court’s administrative assignment rule is unconstitutional as applied to Davis’s yet-to-be-filed quo warranto action because Chief Judge Colombo is actually biased against him— was effectively rejected by the state courts in denying Davis’s motion for disqualification of Chief Judge Colombo in a prior state proceeding. Count VII, however, challenges the case-assignment rule in the context of the yet-to-be filed quo warranto action on the basis that Chief Judge Colombo will be a party to that action. Davis has not challenged the assignment rule on that basis in state court and I would not dismiss that claim based on the Rooker- *452 Feldman doctrine. Further, Davis expressly seeks declaratory relief, not injunctive relief, thus the 1996 amendatory language is not at issue. Nevertheless, declaratory relief is a matter of discretion, see Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 554 (6th Cir. 2008), and I agree that there are other reasons why the Michigan state courts should address the issue of Chief Judge Colombo’s recusal in the first instance, after the state quo warranto case is filed and Davis challenges the application of the assignment rule in the context of that case. For this reason, I join in the denial of Davis’s motion to expedite this appeal.
It may very well be that defendants have arguments for dismissal of this appeal, but they have not responded to Davis’s motion and have not challenged this court’s jurisdiction. Further, this court must itself be satisfied that jurisdiction is proper. But the practice of the court is to issue a show cause order when it has reason to believe that an appeal is not properly before it. Here, the court dismisses the appeal and orders the district court to dismiss the case without giving Davis any opportunity to argue against such actions. Davis might be a vexatious litigator, but he is still entitled to notice and an opportunity to be heard, especially when this court grants relief in excess of that ordered by the district court and which defendants do not seek. For these reasons, I would deny the motion for expedited briefing and decision, but would not at this point order sua sponte that the appeal be dismissed or that the district court dismiss the case, and instead would permit the parties to address the jurisdictional issue.